HEARD, Judge.
This suit was instituted by Jim Lynch and Aetna Insurance Company for damages to Lynch’s photography business and for the loss of certain photographic material. Aetna is Lynch’s insurer and is subro-gated to part of his claim. The defendant is Sears, Roebuck and Company.
Plaintiffs allege that Lynch purchased a washing machine from Sears on Wednesday, April 9, 1969. On April 11, 1969 it was delivered by Soloman Howard and Bobby Joe Moore, employees of Sears. Upon arriving at Lynch’s home, Howard and Moore were directed by Lynch to install the new washing machine in Lynch’s storehouse. The old washing machine was removed by Howard and Moore and the new one installed in its place. Plaintiffs allege that Howard and Moore unplugged Lynch’s freezer while installing the new washing machine. It is further alleged that as a result of Sears’ employees leaving the freezer unplugged the photographic material stored in the freezer was ruined. Lynch sues for $2,419.27, the value of these materials, damages for loss of business in the amount of $2,500, and for hu *850 miliation, embarrassment, mental anxiety and loss of reputation in the amount of $2,500. Aetna claims $480 as subrogee to part of Lynch’s claim. The trial court found that Aetna and Lynch did not sustain their burden of proof and rejected plaintiffs’ demands. Lynch and Aetna perfected a devolutive appeal from this judgment.
The sole issue in this case is strictly one of fact, that is, whether or not the employees of Sears unplugged Lynch’s freezer and left it unplugged. It was established by the evidence that Lynch had a storage house on his property behind his home. His deep freeze and washing machine were located in this house. His photographic materials were stored in his deep freeze. Above the top of the washing machine on the wall a double electrical outlet was located. The washing machine was plugged in the lower portion of the outlet and in the upper portion there was a three-way receptacle in which the freezer and a light were plugged.
Soloman Howard testified unequivocally that he never unplugged the freezer; that the old washing machine was plugged into the bottom portion of the outlet. After removing the old washing machine he adapted the three-pronged plug on the new washer to fit the bottom part of the electrical outlet and plugged it in. He testified that he never disturbed the plug in the top portion of the outlet.
Bobby Joe Moore could not be present at the trial but he answered certain questions about the case in a letter which was admitted into evidence. It was stipulated that if he had been present at the trial he would testify in accordance with his answers in the letter. He stated in the letter that he did not unplug any wires at Mr. Lynch’s home. He further stated that he did not see Soloman Howard unplug any cords. He did see Howard plug the new machine in but he did not know into which part of the outlet the new machine was plugged.
Jim Lynch testified that the men installed the machine on Friday; that on Monday he discovered the freezer had been unplugged. He stated that both the freezer and washer were located in the storage house on his property and that the storage house had no door on it. The Lynch family was not at home during most of the weekend between installation of the washing machine and discovery of the unplugged freezer. Saturday and Sunday were spent at the Yacht Club on Cross Lake. Mrs. Lynch washed clothes in the new machine on Friday and Saturday but did not notice whether or not the freezer was plugged in. There is no doubt that Lynch’s freezer was unplugged and that his photographic materials were ruined. However, there remains considerable doubt as to who unplugged the freezer. Lynch asserts that since the Sears employees were in the storage house on Friday then it is likely they are responsible for the damage. Lynch, however, fails to negate any of the numerous other possibilities for responsibility.
Where circumstantial evidence is solely relied upon to show negligence on the part of the defendant, such evidence must exclude every other reasonable hypothesis. Lambert v. State Farm Mutual Automobile Insurance Company, La.App., 184 So.2d 107 (4th Cir. 1966).
It is not disputed that there was no door on the storage house; that Lynch had several small children and there were other children in the immediate neighborhood.
We agree with the trial judge in the instant case when he stated that “[sjpeculation or conjecture cannot be made the basis of a judgment.”
To hold Sears responsible in this case would be the sheerest speculation. Lynch and Aetna had the burden of proving that Sears’ employees unplugged the freezer. It is clear that they did not carry this burden.
Finding no manifest error in the judgment of the trial court, it is affirmed with cost borne by appellants.